**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

JUN 15 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| NANCY JOHANA RUANO, AKA Nancy Johanna Ruano, AKA Nancy Johana Ruano Graves, | No. 18-71609 |
| Petitioner, | Agency No. A095-448-820 |
| v. | MEMORANDUM* |
| WILLIAM P. BARR, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 11, 2020**

Before: SCHROEDER, HAWKINS, and GRABER, Circuit Judges.

Petitioner Nancy Johana Ruano timely seeks our review of the Board of

Immigration Appeals' ("BIA") affirmance, without opinion, of an immigration

judge's ("IJ") denial of relief from removal. Reviewing the agency's factual

---

\*     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

determinations for substantial evidence, <u>Guerra v. Barr</u>, 951 F.3d 1128, 1132 (9th Cir. 2020), we deny the petition.

1. Substantial evidence supports the agency's denial of asylum.

Substantial evidence supports the determination that the proposed social group of "women who have been raped" lacks social distinction. The record does not compel the conclusion that Guatemalan society recognizes the group as distinct. <u>See, e.g.</u>, <u>Conde Quevedo v. Barr</u>, 947 F.3d 1238, 1242–44 (9th Cir. 2020) (describing the requirements for social distinction and holding that substantial evidence supported the conclusion that Guatemalan society does not recognize persons who report gang activity as socially distinct). Alternatively, even assuming that the proposed group were cognizable, Petitioner was not a member of the group when she was raped in 1994. For both reasons, Petitioner did not suffer past persecution on account of a protected ground. 8 C.F.R. § 1208.13(b)(1). Accordingly, she was neither entitled to a presumption of future persecution nor eligible for humanitarian asylum. <u>Id.</u> § 1208.13(b)(1) & (b)(1)(iii).

Substantial evidence also supports the agency's determination that Petitioner lacks a well-founded fear of future persecution on account of a protected ground. First, as noted above, the proposed group lacks social distinction. Second, even assuming that the proposed group were cognizable, the record does not compel the conclusion that her fear of future harm on account of a protected ground is

objectively reasonable. Nothing in the record suggests that she would be harmed because of her membership in the proposed social group or because of any other protected ground. And substantial evidence supports the agency's conclusion that there is no pattern or practice of persecution of the proposed social group.

2. For similar reasons, substantial evidence supports the agency's denial of withholding of removal. The proposed social group is not cognizable and, alternatively, her membership in the group would not be "a reason" for persecution. Barajas-Romero v. Lynch, 846 F.3d 351, 360 (9th Cir. 2017).

3. Substantial evidence supports the agency's conclusion that Petitioner has not established that it is more likely than not that she will be tortured by, or with the acquiescence of, Guatemalan officials. See 8 C.F.R. § 1208.18(a)(7) ("Acquiescence . . . requires that the public official, prior to the activity constituting torture, have awareness of such activity and thereafter breach his or her legal responsibility to intervene to prevent such activity."); see also Ramirez-Munoz v. Lynch, 816 F.3d 1226, 1230 (9th Cir. 2016) ("Where Petitioners have not shown they are any more likely to be victims of violence and crimes than the populace as a whole in Mexico, they have failed to carry their burden [of proving eligibility for relief under the Convention Against Torture].").

**Petition DENIED.**